```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                    Civil No. 12-cv-348-JL

<u>Paul J. Simoneau and</u>
<u>Nanette M. Simoneau</u>


**REPORT AND RECOMMENDATION**

    The United States of America has brought a civil action against Paul and Nanette Simoneau in an attempt to: (1) obtain possession of a parcel of real property; and (2) have defendants ejected from that property.  On October 15, 2012, the court entered a default against defendants for failing to respond to plaintiff's complaint within the time and in the manner provided by Rule 12 of the Federal Rules of Civil Procedure ("Federal Rules").  Before me for a report and recommendation is plaintiff's request for entry of default judgment.  Defendants have not responded.  For the reasons that follow, I recommend that plaintiff's request be granted.

**The Legal Standard**

    Default has been entered against defendants.  <u>See</u> doc. no. 5.  Therefore, they are "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds

for liability." S.E.C. v. New Futures Trading Int'l Corp., No. 11-cv-532-JL, 2012 WL 1378558, at *1 (D.N.H. Apr. 20, 2012) (quoting Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002)). That said, while "a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims." 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2012). Rather, "[t]he claimant must state a legally valid claim for relief," id., and "[a] court may grant judgment by default only for relief that may be lawfully granted on the well-pleaded facts alleged by the claimant," id. (citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)).

**Discussion**

By defaulting, defendants have conceded that: (1) by virtue of a foreclosure deed,[1] plaintiff is the owner of the real property located at 30 Middle Street, Newport, New Hampshire ("the property"); and (2) defendants have defied notices to quit and, as a result, remain in possession of the property. In this action, plaintiff seeks immediate possession of the property and defendants' ejectment therefrom. In its request for default judgment, plaintiff asks: (1) for judgment in accordance with the complaint; and (2) that "[u]pon expiration of fourteen (14)

---

[1] That deed is recorded in the Sullivan County Registry of Deeds, at Page 842 of Book 1827.

2

days after entry of default judgment, execution be issued pursuant to Rule 62(a) of the Federal Rules of Civil Procedure,"[2] Pl.'s Req. for Entry of Default J. (doc. no. 6) ¶ 2.

The court begins by noting that plaintiff's complaint nowhere identifies a legal basis for the relief it seeks.  In its supplemental brief, plaintiff identifies its claim as one for "ejectment, a common law remedy codified at NH RSA [Revised Statutes Annotated] 540:12."  Pl.'s Mem. (doc. no. 7) ¶ 8.  In Matte v. Shippee Auto, Inc., the New Hampshire Supreme Court explained that "[b]efore adoption of the statutory procedures codified in RSA chapter 540, the usual way a landlord regained possession of property was by a common law ejectment action." 152 N.H. 216, 217 (2005) (citing Lavoie v. Szumiez, 115 N.H.

---

[2] Rule 62(a) of the Federal Rules of Civil Procedure provides as follows:

> Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry.  But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
>
> **(1)**   an interlocutory or final judgment in an action for an injunction or a receivership; or
>
> **(2)**   a judgment or order that directs an accounting in an action for patent infringement.

The applicability of Rule 62(a) to this case, however, is not at all clear, given that execution is a procedure for securing a money judgment, see Fed. R. Civ. P. 69, and plaintiff in this case is not seeking to recover monetary damages.

266, 267 (1975)).  The Matte court went on to explain that "some areas of landlord-tenant law are now governed by legislatively-enacted rules and procedures."  152 N.H. at 221 (citing RSA ch. 540).  Chapter 540 of the RSAs, in turn, is titled "Actions Against Tenants."  Given that plaintiff does not have a landlord/tenant relationship with defendants, it would appear that this action is better treated as a common-law action for ejectment than as an action arising under RSA 540:12.

New Hampshire recognizes the common-law action for ejectment.  See Matte, 152 N.H. at 221-22 (citing Cooperman v. MacNeil, 123 N.H. 696, 701 (1983)).  In Lavoie, the state Supreme Court described ejectment as "the usual common law action by which an owner recovered possession of his premises," 115 N.H. at 267, and the court turned to American Jurisprudence for additional detail on that common-law action, see id.  According to American Jurisprudence:

> Ejectment is a possessory action testing the right to the possession of real property, as against one who presently possesses it wrongfully.  In other words, ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession. Ejectment is an action sounding in tort.  The plaintiff's right to possession of the premises is the foundation of the right to maintain an action at ejectment under the common law, and an ejectment action can succeed only if the plaintiff is out of possession, and has a present right to immediate possession.
>
> . . . .

4

> Ejectment is a legal remedy and states a claim at law not in equity.

25 Am. Jur. 2d Ejectment § 1 (2004) (footnotes omitted).  As for remedies:

> The appropriate relief in an ejectment suit may be a judgment for possession and damages.  The remedy for a common-law action in ejectment is a judicial order which ousts the wrongdoer from physical possession in favor of the claimant.

Id. § 45 (footnotes omitted).  American Jurisprudence further explains:

> In a claim for ejectment, the appropriate relief may be a judgment for possession and damages.  A "writ of possession," formally known as habere facias possessionem, historically has been the writ that gives a successful ejectment-action plaintiff the possession of the recovered land; under the writ, the sheriff is ordered to remove the defendant and his or her personal property from the property recovered in an ejectment.

Id. § 49 (footnotes omitted).

Here, by failing to respond to plaintiff's complaint, defendants have conceded that they currently have actual possession of the property, while plaintiff has a present right to immediately possess it.  Under the common law of New Hampshire, plaintiff has established its legal right to eject defendants from the property.  Accordingly, plaintiff is entitled to the relief it seeks in this action.

**Conclusion**

For the reasons detailed above, I recommend that: (1) plaintiff's motion for entry of default judgment, document no. 6, be granted; and (2) the clerk of the court be directed to issue a writ of possession that orders the United States Marshal to remove defendants and their personal property from the real property located at 30 Middle Street, Newport, New Hampshire.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 20, 2012

cc: Michael T. McCormack, Esq.